Armand Fried, Esq.
Nevada Bar No. 10590
8668 Spring Mountain Rd, Suite 110
Las Vegas, Nevada 89117
Phone: (702) 781-1999
Fax:    (702) 220-7036
legal@aargon.com; armandfried@msn.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## CLARK COUNTY

| | |
|---|---|
| DUANE CHRISTY, | Case No. |
| Plaintiff, | Dept No. |
| vs. | |
| DWWNVJHF, LLC d/b/a DAVID WILSON'S TOYOTA OF LAS VEGAS, DAVID WILSON'S TOYOTA OF LAS VEGAS AND JOHN DOES 1 THROUGH 10, Inclusive, | CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND |
| Defendant(s). | |

Plaintiff DUANE CHRISTY, on behalf of himself and all others similarly situated (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the above-named Defendants DWWNVJHF, LLC d/b/a DAVID WILSON'S TOYOTA OF LAS VEGAS, DAVID WILSON'S TOYOTA OF LAS VEGAS (jointly "Toyota" or "Defendants") AND JOHN DOE 1 THROUGH 10, Inclusive, (collectively "Defendants"), their employees, agents and successors, the following:

**JURY DEMAND**

Plaintiff demands trial by jury.

///

## GENERAL ALLEGATIONS

Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA") and tort claims. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendants' violation of 28 USC §227 et seq., which prohibits the unauthorized, non-emergency calling of a cell phone.

## JURISDICTION AND VENUE

1. Regarding the TCPA claim, this Court has jurisdiction under 28 U.S.C. §1331. Mims v. Arrow Fin. Servs, LLC, 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and because Defendants placed telephone calls into this District.

## PARTIES

2. Plaintiff, DUANE CHRISTY, is a natural person and a citizen of the State of Nevada, residing in Clark County, Nevada.

3. Defendant Toyota conducts business in the State of Nevada, with a principal place of business at 3255 E. Sahara Avenue, Las Vegas, Nevada 89104.

4. Defendants Toyota are registered with the Nevada Department of State Division of Corporations as a Domestic Limited Liability Company. Its' registered agent for service of process is Oshins & Associates, LLC.

5. Defendant JOHN DOE 1 is Toyota's Agent or some other entity whose identity is presently unknown to Plaintiff. Once afforded the right to discovery, Plaintiff will amend his complaint to state Doe's true name.

6. Defendants, JOHN DOE 2 through 10, inclusive, are employees or agents of Defendant who have placed automated calls to Plaintiff's cellular telephone within the last four (4) years. Once afforded the right to discovery, Plaintiff will amend his complaint to state the true names of these Defendants.

## CLASS ACTION ALLEGATIONS

7. brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all Nevada consumers

and their successors in interest (the "Class"), who have received pre-recorded messages on his or her cellular telephone from Defendant and John Doe 1 through 10, seeking to sell him a Toyota and otherwise promote Defendant's business.

8. The Class period begins one year prior to July 21, 2017.

9. This Action is properly maintained as a class action. The Class consists of:

- All Nevada consumers who has received pre-recorded messages on his cellular telephone from Defendant and John Doe 1 through 4, seeking to sell him a Toyota and otherwise promote Defendant's business which contained at least one of the alleged violations of TCPA 47 U.S.C §227, et seq., as set forth herein.

10. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds or thousands of persons who have received pre-recorded messages on his or her cellular telephone from Defendant and John Doe 1 through 10, seeking to sell him a Toyota and otherwise promote Defendant's business. (See Addendum A);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    A. Whether Defendants violated various provisions of the TCPA 47 U.S.C §227, et seq., as set forth herein;

    B. Whether Defendant Toyota, can leave pre-recorded messages on a cellular telephone seeking to sell a Toyota and otherwise promote Defendant's business.

    C. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    D. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the

proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   E. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy and it will continue to reap and retain the proceeds of its ill-gotten gains;
- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

///
///
///

## FACTUAL ALLEGATIONS

11. Plaintiff has received pre-recorded messages on his cellular telephone from Defendant and John Doe 1 through 10, seeking to sell him a Toyota and otherwise promote Defendant's business.

12. Defendant, or others acting on its behalf, left the following message on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

   JULY 21, 2017 AT 10:15 A.M. - Addendum "A" to Complaint

   JULY 21, 2017 AT 1:22 P.M. - Addendum "A" to Complaint Same Message

   JULY 21, 2017 AT 1:26 P.M. - Addendum "A" to Complaint Same Message

   JULY 21, 2017 AT 1:28 P.M. - Addendum "A" to Complaint Same Message

   JULY 28, 2017 AT 1:24 P.M. - Addendum "A" to Complaint Same Message

The said calls appear on the redacted telephone log attached hereto as part of Addendum "A."

13. Upon information and belief, in addition to the foregoing, Defendant, or others acting on its behalf, left pre-recorded messages on Plaintiff's cellular telephone service on other occasions and also called without leaving any message.

14. Defendant failed to determine the identity of the cellular telephone subscriber prior to placing automated calls to Plaintiff's cellular service.

15. Defendant failed to determine the status of Plaintiff's telephone service as cellular service before placing automated calls.

16. Defendant failed to obtain Plaintiffs consent for the placement of its automated calls to Plaintiffs cellular telephone.

17. Defendant knew that it did not have Plaintiffs consent for such calls.

18. Defendant's automated calls to Plaintiff willingly or knowingly violate the TCPA because, among other reasons, Defendant stated "Please Don't Delete This Important Message," thereby creating concern that some emergency was occurring.

19. None of Defendant's telephone calls placed of Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

20. Each of Defendant's messages are a "communication" as defined by 15 U.S.C. §1692a(2). See, Berg v. Merchs. Ass'n Collection Div., 586 F.Supp.2d 1336, 1341(S.D. Fla. 2008).

21. Defendant communicated with Plaintiff on multiple occasions.

22. Defendant John Doe 1 provided Defendant with Plaintiff's cellular telephone number without Plaintiff's permission.

23. John Doe 1's provision of Plaintiff's telephone number to Defendant was wrongful.

24. As a result John Doe 1's wrongful act, Plaintiff has incurred attorneys' fees and costs in protecting his interests against Defendant and subsequently bringing suit against Defendant for violation of the TCPA.

25. John Doe 1 intended Defendant to act upon its provision of Plaintiff's telephone number by placing calls to that number.

26. Plaintiff incurred damages including attorneys' fees and costs as a result of the negligence and/or malfeasance of John Doe 1.

27. John Doe 2 through 10, or others acting on their behalf, placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

## COUNT I

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST ALL DEFENDANTS

1. Plaintiff incorporates Paragraphs 1 through 27.

2. Defendants, or others acting on their behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or a pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, for:

a. Damages;

b. a declaration that Defendants' calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the court deems proper.

## COUNT II
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS USING A PRE-RECORDED OR ARTIFICIAL VOICE AGAINST ALL DEFENDANTS

1. Plaintiff incorporates Paragraphs 1 through 27.

2. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using a pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C § 1692d. Clarke v. Weitman, Wienberg & Reis, Co,. L.P.A., 2010 U.S. Dist. LEXIS 71344 (S.D. Fla. July 15, 2010).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, DWWNVJHF LLC d/b/a DAVID WILSON'S Toyota OF LAS VEGAS, for:

    a.    Damages;

    b.    Attorney's Fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## WRONGFUL ACT AGAINST DEFENDANT JOHN DOE 1

1. Plaintiff incorporates Paragraphs 1 through 27.

2. John Doe 1 wrongfully provided Defendant with Plaintiff's cellular telephone number without Plaintiff's permission.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, John Doe 1, for:

    a.    Damages;

    b.    Attorney's Fees and costs; and

c.  Such other or further relief as the Court deems proper.

## COUNT IV

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

## AGAINST DEFENDANTS JOHN DOE 2 THROUGH 10

1. Plaintiff incorporates Paragraphs 1 through 27.

2. Defendants John Doe 2 through 10, or others acting on their behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing systems and/or a pre-recorded or artificial voice violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, John Doe 2 through 10, for:

a.  Damages;

b.  a Declaration that Defendant's calls violate the TCPA;

c.  a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

d.  Such other or further relief as the Court deems proper.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, John Doe 4, for:

a.  Damages;

b.  a Declaration that Defendant's calls violate the TCPA;

///
///
///
///
///
///
///
///

     c.     a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

     d.     Such other or further relief as the Court deems proper.

Dated this 29th day of December, 2017.

By:   /s/ Armand Fried, Esq.
        Armand Fried, Esq.
        Nevada Bar No. 10590
        8668 Spring Mountain Rd, Suite 110
        Las Vegas, Nevada 89117
        Phone: (702) 781-1999
        Fax:   (702) 829-5383
        legal@aargon.com; armandfried@msn.com
        Attorney for Plaintiff